O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANEL HUERTA, | ) | NO. CV 06-4947-CT |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

For the reasons set forth below, it is ordered that judgment be entered in favor of defendant Commissioner of Social Security ("the Commissioner") because the Commissioner's decision is supported by substantial evidence and is free from material legal error.

SUMMARY OF PROCEEDINGS

On August 31, 2006, plaintiff, Anel Huerta ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). Subsequently, the parties filed a consent to proceed before the magistrate judge. On December 6, 2006, plaintiff filed a brief in support of the complaint. On December 22, 2006, the Commissioner filed an opposition brief.

SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

On November 7, 2003, plaintiff filed an application for disability insurance benefits and supplemental security income ("SSI"), alleging disability since September 12, 2003 due to a learning disability and emotional problems. (TR 63-65, 109).[1] The applications were denied initially and upon reconsideration. (TR 39-42).

On July 13, 2004, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 49). On September 23, 2005, plaintiff, represented by an attorney, appeared and testified before an ALJ. (TR 189-282). The ALJ also considered the testimony of plaintiff's mother and vocational expert ("VE") and medical expert ("ME") testimony. On November 21, 2005, the ALJ issued a decision that plaintiff had severe impairments consisting of a learning disorder and borderline intellectual functioning and was limited to simple work. (TR 24). Given plaintiff's residual functional capacity, the ALJ found that there were a significant number of jobs in the national economy that plaintiff could perform and, therefore, plaintiff was not disabled, as defined by the Act and not eligible for benefits. (TR 24-25). On December 5, 2005, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 12). On June 8, 2006, the request was denied. (TR 5-7). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

2

2. <u>Summary Of The Evidence</u>

The ALJ's decision is attached as an exhibit to this opinion and order and, except as otherwise noted, materially summarizes the evidence in the case.

<u>PLAINTIFF'S CONTENTIONS</u>

Plaintiff contends as follows:

1. The ALJ improperly found that plaintiff could perform a significant number of jobs in the economy; and,
2. The ALJ did not adequately consider the testimony of plaintiff's mother.

<u>STANDARD OF REVIEW</u>

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. <u>Macri v. Chater</u>, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance. <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. <u>Flaten v. Secretary of Health and Human Services</u>, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g).

<u>DISCUSSION</u>

1. <u>The Sequential Evaluation</u>

A person is "disabled" for the purpose of receiving social security

benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled.  First, it is determined whether the person is engaged in "substantial gainful activity."  If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments.  If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work.  If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work.  The person is entitled to benefits only if the person is unable to perform other work.  20 C.F.R. §§404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

    2.  <u>Issues</u>

        A.  <u>Step 5 Determination</u>

4

1        Plaintiff contends that the ALJ erred in determining that plaintiff
2   could perform a significant number of jobs in the national economy
3   because he failed to properly determine whether she could perform
4   substantial gainful employment on a competitive basis in light of her
5   learning disability and borderline intellectual functioning.
6        "Work which exists in the national economy" is defined as "work
7   which exists in significant numbers either in the region where
8   [plaintiff] lives or in several regions of the country."  42 U.S.C.
9   § 423(d)(2)(A) (1988).  "Work exists in the national economy when there
10  is a significant number of jobs (in one or more occupations) having
11  requirements which [plaintiff is] able to meet with [plaintiff's]
12  physical or mental abilities and vocational qualifications."  20 C.F.R.
13  § 404.1566(b); 20 C.F.R. § 416.966(b).
14       Here, relying on the testimony of the VE, the ALJ found that
15  plaintiff could perform a significant number of jobs in the national
16  economy, including laundry worker 1 (Dictionary of Occupational Titles
17  ("DOT") No. 361.684-014), a racker-bakery (DOT No. 524.687-018) and a
18  bagger (DOT No. 920.687-018).  (TR 23, 266).  The VE testified that
19  there were 361,766 laundry worker jobs open nationally and 3,450 jobs
20  open locally, there were 276,850 racker jobs open nationally and 2,860
21  jobs open locally, and there were 291,447 bagger jobs open nationally
22  and 2,650 jobs open locally. (TR 266).  See Moore v. Apfel, 216 F.3d
23  864, (9th Cir. 2000)(VE's finding that there were 7,700 regional and
24  125,000 national jobs appropriate for plaintiff's situation was
25  substantial evidence to support the ALJ's finding that plaintiff was not
26  disabled).  The racker and bagger occupations have a specific vocational
27  preparation requirement ("SVP") of 1, which means that they can be
28  learned after only a "short demonstration," and reasoning levels of 1,

which means that the worker will be required to "apply a commonsense understanding to carry out simple instructions." <u>See</u> DOT, Appendix C. The laundry worker job has an SVP of 2, meaning it can be learned in a month or less, and a reasoning level of 2, requiring application of "commonsense understanding to carry out detailed but uninvolved written or oral instructions." (<u>Id</u>.) <u>See</u> <u>Meissl v. Barnhart</u>, 403 F.Supp.2d 981, 984 (C.D. Cal. 2005)(plaintiff, whose RFC limited her to simple tasks performed at a routine or repetitive pace, was able to perform jobs listed in DOT with a reasoning level score of 2). The VE testified that plaintiff could perform these jobs based on the ALJ's hypothetical, which assumed a person of plaintiff's age (she was 23 at the time of the hearing), education and work history who had no exertional limitations, but was limited to simple work. (TR 265-66). Plaintiff testified that she had no physical complaints. (TR 220).

Plaintiff contends she cannot perform simple work in the competitive economy for a sustained period. She points to the fact that several of her past part-time jobs were obtained through the San Gabriel/Pomona Regional Center and the Regional Center provided job coaches to help her learn the jobs. (<u>See</u> TR 206, 210). However, as the ALJ observed, plaintiff's work history also includes a part time job as a courtesy clerk at a grocery store. (TR 195). She testified that she worked as a courtesy clerk for almost two years, performed the job with no assistance, worked up to six hour shifts, and performed the same job as the other courtesy clerks. (TR 197, 199-200, 212, 215). She testified that she did a good job and quit the job only after the store at which she was working closed and she was transferred to a larger store farther away from her house. (TR 200-03).

Plaintiff further contends that the ALJ's hypothetical to the VE,

which only limited plaintiff to "simple work," failed to include all her limitations. Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of plaintiff. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). The hypothetical question must be "accurate, detailed and supported by the medical record." Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001)(citation omitted). However, a proper hypothetical question may exclude limitations claimed by plaintiff but which the ALJ finds do not exist based on substantial evidence. Id.

The ALJ's hypothetical properly incorporated the limitations he found to exist based on substantial evidence. In addition to plaintiff's work history, which includes her past work at the grocery store, the ALJ based his determination of plaintiff's residual function capacity on the medical evidence, including the testimony of the ME, Glenn Griffin, Ph.D. At the hearing, Dr. Griffin testified that plaintiff had borderline intellectual functioning with an I.Q. of 74. (TR 239-40). He opined that she had mild limitations in the activities of daily living and mild difficulties in maintaining social functioning, and moderate difficulties in concentration, persistence and pace. (TR 242). He concluded that, *given these limitations*, she could perform the "full range" of simple work. (TR 242, 263). Plaintiff's counsel questioned whether she could perform simple work considering the ME's finding that she had moderate difficulties in concentration and focus. (TR 263). The ME confirmed that plaintiff had "no impairment in her ability to do simple work." (Id.). His opinions are materially consistent with and based on his consideration of other medical opinions of record, including the opinions of the psychologist who examined plaintiff consultatively and administered psychological testing. (See

7

TR 131 (consultative examiner's assessment that plaintiff has no difficulties in social functioning, moderate difficulties in concentration, persistence and pace, no impairment in ability to understand, carry out and remember simple instructions, mild impairment in her ability to respond appropriately to coworkers, and mild to moderate impairment in her ability to respond appropriately to usual work situations and deal with changes in a work setting); TR 134 (state agency psychiatrist's RFC assessment, concluding that plaintiff is able to sustain simple, repetitive, tasks); and TR 158 (2/27/01 assessment by Edward Frey, Ph.D. concluding that plaintiff functions in the borderline range, would benefit from referral to vocational rehabilitation, and "may wish to explore programs available through the community college system, if she wishes to continue along the lines of academic training").  Thus, the ME's assessment was substantial evidence supporting the ALJ's determination that an RFC limiting plaintiff to simple work adequately described all her mental limitations. See Morgan v. Comm'r of Soc. Sec. Admin, 169 F.3d 595, 600 (9th Cir. 1999)("Opinions of a non-examining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it").  The ALJ's hypothetical to the VE was proper.  Embrey v. Bowen, 849 F.2d at 422.

Plaintiff also argues that the ALJ did not fully consider the testimony of plaintiff's mother about plaintiff's limitations in concluding that plaintiff can perform work in the competitive economy for a sustained period. As discussed below, the ALJ properly considered the testimony of plaintiff's mother as did the ME in opining that plaintiff had no impairment in the ability to perform simple work. (TR 262-63).  The ALJ also found plaintiff's allegations of disabling

8

limitations to be not credible, a finding not challenged in this court. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005)(in making his RFC determination, the ALJ may properly take into account those limitations for which there is record support and that did not depend on the plaintiff's testimony where the ALJ properly found plaintiff's testimony not credible).

The ALJ's determination that there are a substantial number of jobs in the national economy that plaintiff can perform is free from material legal error and supported by substantial evidence.

### B. Consideration of Plaintiff's Mother's Testimony

Plaintiff also contends that the ALJ failed to properly consider the testimony of her mother.

In determining whether a plaintiff is disabled, an ALJ must consider lay witness testimony concerning a plaintiff's ability to work. Stout v. Commissioner of Soc. Security Admin., 454 F.3d 1050, 1053 (9th Cir. 2006)(citations omitted). Lay testimony "as to a [plaintiff's] symptoms or how an impairment affects ability to work is competent evidence . . . and therefore cannot be disregarded without comment." Id. (citations omitted). Consequently, "[i]f the ALJ wishes to discount the testimony of the lay witness, he must give reasons that are germane to each witness for doing so." Id. (citations omitted). Plaintiff's mother testified that she did not think plaintiff could live by herself and that she is not able to count money, cooks only simple foods, is forgetful, and cannot prepare a meal according to a recipe. (TR 247, 253-54). She also testified that plaintiff helps around the house, but has to be repeatedly reminded, although the mother was not sure if that was due to forgetting or laziness or that plaintiff just does not always want to do what her mother asks. (TR 249-51).

The ALJ considered the testimony of plaintiff's mother, which generally was consistent with the ALJ's assessment that plaintiff can perform simple work. He noted that the medical expert had pointed out inconsistencies between her testimony and third party statement. (See TR 263). Such inconsistencies are a proper basis for discounting the testimony of a lay witness. See Greger v. Barnhart, 464 F.3d 968, 972-73(9th Cir. 2006)(ALJ's finding that the statements of the witness were inconsistent with plaintiff's presentation to the treating physician was an appropriate reason "germane to the witness" for rejecting her statements). Here, while plaintiff's mother testified that plaintiff does not complete household tasks without many reminders (TR 249), she reported to Dr. Frey, the psychologist who assessed plaintiff for the Regional Center, that plaintiff can use a payphone independently, straightens up her room without being reminded, can cook simple meals using a microwave or stove, and generally looks after her own health. (TR 158). The ALJ also noted that plaintiff had reported to the Regional Center that she prepares simple meals and appropriately uses household appliances, can make simple phone calls, is neat in completing household chores and runs local errands. (TR 163). The "third party" statement, which is signed by plaintiff, states that she prepares her own meals, does not need help with housework, and can follow written and spoken directions, such as directions on a recipe. (TR 90-98). In her daily activities questionnaire, plaintiff reported that she has no difficulties caring for herself, does her own housework, sometimes prepares her own meals, reads magazines, goes to church and out with her friends. (TR 84-88).

The ALJ's consideration of the testimony of plaintiff's mother is free from material legal error and supported by substantial evidence.

## CONCLUSION

If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. <u>Flaten v. Secretary of Health and Human Services</u>, 44 F.3d at 1457.

After careful consideration of the record as a whole, the magistrate judge concludes that the Commissioner's decision is supported by substantial evidence and is free from material legal error. Accordingly, it is ordered that judgment be entered in favor of the Commissioner.

DATED: January 10, 2007

*CAROLYN TURCHIN*
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE